# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 07-03129-04-CR-SW-ODS |
| JOPLIN RIVER OF LIFE MINISTRIES, INC., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant has filed a Motion to Dismiss the Indictment, to which the United States has responded, and defendant replied.

Defendant seeks dismissal of the indictment on the grounds that it is materially defective as to this defendant because there are no allegations regarding where or how any of the acts of the individual defendants were intended to benefit this defendant. Specially, it is alleged that the indictment fails to allege any facts demonstrating an essential element under rule 5.03, 8th Cir. Model Jury Instructions for "Corporate Responsibility," i.e. that the acts committed by the agents were intended, at least in part, to benefit the corporation.

The Federal Rules of Criminal Procedure require that an indictment be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R.Crim.P. 7(c)(1). It must fairly inform a defendant of the charge against which he must defend, and enable him to plead an acquittal or conviction to bar future prosecutions. *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998). In *O'Hagan*, the Court reiterated that an indictment should not be read in a hyper-technical way, and should be deemed sufficient unless

no reasonable construction can be said to charge the offense. It is not necessary for a particular word or phrase to appear in the indictment, if the indictment is in such a form that it states the essential element.

To sustain a Medicare fraud conviction, the government must prove that defendant (1) knowingly devised a scheme or artifice to defraud Medicare in connection with the delivery of or payment for Medicare benefits, items or services; (2) executed or attempted to execute this scheme or artifice to defraud, and (3) acted with intent to defraud. 18 U.S.C.A. §1347. The indictment in the case at bar sufficiently charges this offense and informs the defendant of the charge against which he must defend. It is therefore

RECOMMENDED that defendant's Motion to Dismiss be denied.

      /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: April 28, 2009